[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10751
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2011
JOHN LEY
CLERK

Agency No. A099-667-280

LIFENG ZHUO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 2, 2011)

Before WILSON, MARTIN, and BLACK, Circuit Judges.

PER CURIAM:

Lifeng Zhuo, a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture ("CAT"). The IJ and BIA determined that Zhou was not credible and denied relief.[1] After review, we deny Zhou's petition.

## I.

"We review the decision of the [BIA], and we review the decision of the [IJ] to the extent that the [BIA] expressly adopted the opinion of the [IJ]." Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009) (quotation marks omitted). Because the BIA issued its own opinion upholding the IJ's adverse credibility determination, we review only the BIA's decision. See Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1304 (11th Cir. 2009). We review

---

[1] Zhou did not challenge the IJ's denial of CAT relief in his notice of appeal or brief before the BIA. The BIA, however, addressed the issue *sua sponte.* Nevertheless, we lack jurisdiction to consider Zhou's present challenge because he did not exhaust his administrative remedies on the claim. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006) (explaining that we lack jurisdiction to consider a claim that an applicant did not raise before the BIA, even if the BIA *sua sponte* addresses the claim, because the applicant did not exhaust his administrative remedies). Accordingly, we dismiss Zhou's petition to the extent that it raises a claim for CAT relief. Zhou has also abandoned his claim for withholding of removal under the INA by failing to offer argument on the claim. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

the BIA's conclusions of law <u>de novo</u>, but we review findings of fact, including credibility determinations, for substantial evidence to support them. <u>Id.</u>; <u>Chen v. U.S. Att'y Gen.</u>, 463 F.3d 1228, 1230–31 (11th Cir. 2006).

"Our review for substantial evidence is highly deferential." <u>Kazemzadeh</u>, 577 F.3d at 1351. We must "affirm the [BIA's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." <u>Forgue v. U.S. Att'y Gen.</u>, 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation marks omitted). In making that determination, "[w]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision, and we will reverse the agency's finding only if the evidence compels a reasonable fact finder to find otherwise." <u>Todorovic v. U.S. Att'y Gen.</u>, 621 F.3d 1318, 1324 (11th Cir. 2010) (citations and quotation marks omitted).

In this case, we conclude that substantial evidence supports the BIA's finding that Zhou was not credible. Zhou offered inconsistent testimony at his removal hearing. For example, on direct examination he testified that his wife was forced to undergo sterilization on July 10, 1997 because she had a child before their marriage was registered. Zhou stated that the Chinese government first learned about the birth of their child when they registered their marriage on

3

November 10, 1997—four months after his wife's sterilization took place. On redirect examination, however, Zhou testified that some time before his wife's sterilization a neighbor informed the Chinese government about his child's birth. Zhou's testimony at his removal hearing was also inconsistent with statements in his asylum application. Zhou testified that he was unaware of China's age and registration requirements for marriage. However, Zhou indicated in his asylum application that he registered his marriage "once [he and his wife] reached the marriage age." An adverse credibility determination may be based on "the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . ., [and] the consistency of each such statement." See 8 U.S.C. § 1158(b)(1)(B)(iii). After review of the evidence, we conclude that the record does not compel us to overturn the BIA's adverse credibility finding.[2] Accordingly, we deny Zhou's petition for review.

PETITION DENIED.

---

[2] In his brief, Zhou also challenges the IJ's finding that, even if credible, Zhou is not eligible for asylum. We decline to address that issue because the BIA did not review it. See Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007) (stating that this Court reviews only the BIA's finding and conclusions except those expressly adopted from the IJ's order).